**Richard Marc VIGIL, Petitioner—Appellant,**

v.

**Tom L. CAREY, Warden, Solano State Prison, Respondent—Appellee.**

No. 06–16670.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed July 12, 2007.

---

\* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Eugene G. Iredale, Esq., Law Offices of Anthony E. Colombo Jr., San Diego, CA, for Petitioner–Appellant.

Charles Victor Fennessey, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, CANBY and McKEOWN, Circuit Judges.

MEMORANDUM *

Richard Marc Vigil appeals the district court's denial of his habeas petition filed under 28 U.S.C. § 2254. Vigil challenges his jury trial conviction of causing the death of a child under the age of eight in his care, in violation of California Penal Code § 273ab. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs our review. Under AEDPA, we may grant relief only if the last reasoned state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As the California Supreme Court denied Vigil's petition for review without comment, we review the decision of the California Court of Appeal.

■ Vigil first contends that the trial judge's comments to the jury regarding the Monica Lewinsky matter amounted to a due process violation. The parties agree that the judge's comments were not about Vigil. The judge admonished the jury twice, each time stating that his remarks had nothing to do with Vigil's trial and that they should be disregarded. The record also reflects that this was an isolated reference. The trial judge's comments were not "so inherently prejudicial as to pose an unacceptable threat to defendant's right to a fair trial." *Holbrook v. Flynn*, 475 U.S. 560, 572, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986).

■ Next, Vigil argues that the trial court's failure to dismiss a certain juror constituted reversible error. The Califor-

nia Court of Appeal's conclusion that the contact was *de minimis* is not an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Vigil did not request an evidentiary hearing, and the trial court did not err in failing to hold such a hearing *sua sponte*. *See Sims v. Rowland*, 414 F.3d 1148, 1157 (9th Cir.2005) (holding that the state court's failure to hold an evidentiary hearing *sua sponte* when presented with evidence of juror bias is not contrary to, or an unreasonable application of, clearly established federal law).

■ Vigil's claim of prosecutorial misconduct is procedurally defaulted. The California Court of Appeal found that Vigil waived this claim because he failed to object at trial. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The California Court of Appeal's decision rested on an "adequate and independent" state procedural ground, and we are precluded from reviewing the claim on habeas review. *See Rich v. Calderon*, 187 F.3d 1064, 1069–70 (9th Cir.1999).

■ Vigil also challenges the use of California Jury Instruction, Criminal ("CALJIC") Nos. 2.50, 2.50.1 and 2.50.2, claiming that read together, these instructions "had the effect of misleading the jurors that convictions could be based on proof of uncharged offenses by a preponderance of the evidence rather than proof beyond a reasonable doubt of the charged offenses." The California Court of Appeal

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

noted that the instruction relating to the "uncharged offense" was given to address the evidence of Vigil's drug possession, and held, "[i]t is irrational to infer the jury found defendant guilty of child homicide because he had marijuana in the house." This conclusion is not "an unreasonable determination of the facts in light of the evidence presented to it in the state court proceeding." 28 U.S.C. § 2254(d).

Vigil argues on appeal that the jury may have construed Vigil's prior spanking of the victim's older sister as the "uncharged offense." Nothing in the record indicates that Vigil raised this claim in the state courts or in the district court, and we decline to address it for the first time on appeal. *See Coleman,* 501 U.S. at 731, 111 S.Ct. 2546 (noting that a federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court pursuant to 28 U.S.C. 2254(b)); *see also Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (explaining that to exhaust state remedies, a petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights" (quotation marks omitted)).

**AFFIRMED.**

